THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.
1999 N. UNIVERSITY DR. STE. 213
CORAL SPRINGS, FL 33071
(954) 942-5270
FAX: (954) 942-5272
Sender's Email: jgolant@jeffreygolantlaw.com

July 14th, 2016

The Honorable Amy C. Nerenberg
Acting Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: John Lage and Maria Mantilla v. Ocwen Loan Servicing, LLC
USCA Case No. 15-15558-G

Dear Ms. Nerenberg,

I represent Appellants John Lage and Maria Mantilla. Pursuant to Federal Rule of
Appellate Procedure 28(j), this letter responds to Appellee Ocwen Loan Servicing
LLC's letter of the same date identifying *Garmou v. Kondaur Capital Corp.,* No.
15-12161 (E.D. Mich. June 30, 2016), as supplemental authority in support of
Ocwen's position in this appeal.

Ocwen's contention that the CFPB has adopted view expressed in *Garmou* that the
date a foreclosure sale is *scheduled* is the controlling date for all purposes under 12
C.F.R. §1024.41 is belied by the plain language of 12 C.F.R §1024.41(b)(3)
entitled "determining protections." In that section, the regulation specifically states
that where the borrower's rights depend upon the number of days between the
servicer's receipt of a "complete loss mitigation application" and the foreclosure
sale, the time period must be measured by the number of days between the date a
complete loss mitigation application is received by the servicer and the date "when
a foreclosure sale *occurs*." (Emphasis added).

Notably, not all of the borrower protections that 12 C.F.R. §1024.41 affords
borrowers depend upon the date that a complete loss mitigation application is
received. For example, 12 C.F.R. §1024.41(b)(2) sets forth various procedures a
servicer must follow in order to facilitate a borrower's efforts to compile a

complete loss mitigation application and therefor necessarily relates to applications that are *not* yet complete.  Significantly, there is no discussion in *Garmou* concerning whether the borrower's application in that case was either complete or incomplete.

While the CFPB may have taken the position that some of §1024.41's deadlines are appropriately measured from the date of a scheduled sale, those provisions are not implicated in the case at bar.  The CFPB has unambiguously stated that, for purposes of the provisions relevant to this case, the operative date is when the foreclosure sale "occurs."  Thus, for purposes of this case, where a sale was scheduled but was later rescheduled, the only relevant date is the date that the sale actually occurred.  Here, that date was March 13th, 2014.

Please share this letter with the merits panel.

Sincerely,

Jeffrey N. Golant, Esq.

Attorney for Appellants John Lage and Maria Mantilla

sb/JNG