# K&L GATES

July 19, 2016

**VIA CM/ECF**
The Honorable David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St. N.W.
Atlanta, Georgia 30303

David R. Fine
david.fine@klgates.com

T 717.231.5820
F 717.231.4501

Re:   *Lage v. Ocwen Loan Servicing, LLC,* No. 15-15558-G

Dear Mr. Smith:

We represent appellee Ocwen Loan Servicing, LLC ("Ocwen"), in the above-captioned case. This letter responds to the appellants' Rule-28(j) letter dated July 18, 2016.

During the July 15, 2016, oral argument in this case, the Court focused at some length on the provision of 12 C.F.R. § 1024.41(c) limiting the regulation's requirements to loss-mitigation applications received at least 37 days before a foreclosure sale.

In their July 18, 2016, letter, the appellants cite two district court cases for the proposition that the 37 days is measured from the actual foreclosure sale rather than from a scheduled foreclosure sale.

Neither case is persuasive. In both *Thomas v. Wells Fargo Bank, N.A.,* No. 3:15-cv-02344, 2016 WL 1701878 (S.D. Cal. April 28, 2016), and *Dionne v. Federal Nat. Mortg. Ass'n,* 110 F. Supp.3d 338 (D.N.H. 2015), the district courts indicated that the defendants had provided no authority to support their argument that the 37 days should be measured by the time between the completion of the loss-mitigation application and a scheduled foreclosure sale even if the sale were later rescheduled. In this case, by contrast, Ocwen has pointed to the Consumer Financial Protection Bureau's published interpretation, which supports Ocwen's position. *See* 78 Fed. Reg. 39902, 39911-12 (July 2, 2013). The opinions in *Thomas* and *Dionne* give no indication that the courts knew of that interpretation. Moreover, as this Court discussed with counsel at oral argument, logic supports Ocwen's position since a lender or servicer has to determine at the time a loss-mitigation application becomes complete whether certain of the requirements of Regulation X apply, and it would not know at that time that the foreclosure sale would later be rescheduled.

I would be most grateful if you would share this letter with the panel.

Very truly yours,

David R. Fine

cc:   All counsel on certificate of service (by ECF)